UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MYERSTOWN SOCCER CLUB, *a*      :
*Pennsylvania nonprofit corporation,*    :
     :     Civil Action
    Plaintiff      :
     :
       v.      :     No.
     :
GOPLAY LLC, *a Massachusetts limited*    :
*liability company, formerly known as*    :     JURY TRIAL DEMANDED
GOPLAY SPORTS TOURS LLC, DARREN   :
PETER LYONS, *individually and as*     :
*Manager for GOPLAY LLC,* and BRIAN    :
AINSCOUGH, *individually and as Manager*   :
*for GOPLAY LLC*      :
    Defendants      :

## COMPLAINT

## I. PRELIMINARY STATEMENT

Plaintiff Myerstown Soccer Club and Defendant GOPLAY LLC entered into an agreement on September 7, 2025, whereby Defendants agreed to arrange and provide travel services for Plaintiff in exchange for payment. Plaintiff made payments to Defendant GOPLAY totaling ONE HUNDRED FIFTEEN THOUSAND DOLLARS and 00/100 ($115,000.00). Defendants defaulted under the agreement by notifying Plaintiff that Defendant GOPLAY was ceasing operations and did not intend to fulfill its obligation to provide travel services for Plaintiff. Defendants have failed to return any of the payment made by Plaintiff. Therefore, Plaintiff seeks return of the full amount paid to Defendant GOLAY to date as damages incurred as a result of Defendants' breach.

## II. JURISDICTION AND VENUE

1.     Jurisdiction is premised on 28 U.S.C. § 1332 (diversity jurisdiction), specifically, Plaintiff is a nonprofit corporation with a principal place of business in Pennsylvania and Defendant is a limited liability company with a principal place of business in Massachusetts. Accordingly, there is complete diversity between Plaintiff and Defendant. The amount of controversy exceeds the minimum threshold of $75,000.

2.     Venue is premised on 28 U.S.C. § 1391(b)(2) in that a substantial portion of the acts or omissions giving rise to the claims arose in this judicial district.

## III. THE PARTIES

3.     Plaintiff Myerstown Soccer Club, ("MSC") is a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business at 41 S. Fairlane Avenue, Myerstown, Pennsylvania 17067.

4.     Defendant GOPLAY LLC, ("GOPLAY"), formerly known as GOPLAY SPORTS TOURS LLC, is a Massachusetts limited liability company organized under the laws of the Commonwealth of Massachusetts with a principal address at 4228 Washington Street, Boston, Massachusetts 02132, and a registered office of 1900 West Park Drive, Suite 280F, Westborough, Massachusetts 01581.

5.     Defendant Darren Peter Lyons, ("Lyons"), is an adult individual, with an address of 91 Redlands Road, Boston, Massachusetts 02132.

6.     Defendant Brian Ainscough, ("Ainscough"), is an adult individual, with an address of 38 Elm Street, Canton, Massachusetts 02021.

## IV. FACTUAL BACKGROUND

7.     Plaintiff is a soccer club located in Myerstown, Pennsylvania.

8.     According to Plaintiff's information, knowledge, and belief, Defendant is a travel services provider located in Boston, Massachusetts.

9.     Both Defendant Lyons and Defendant Ainscough are listed as Managers of GOPLAY on GOPLAY's Annual Report filed September 29, 2025. *See* Exhibit A.

10.     Upon information and belief, Plaintiff believes that Defendant Lyons and Defendant Ainscough have maintained multiple business relationships both in the United States, including GOPLAY, and other foreign investments in soccer clubs internationally.

11.     On September 7, 2025, Plaintiff signed a travel services agreement (the "Agreement") with Defendant in which Defendant agreed to provide certain travel services, including arranging "all air and ground transportation, lodging, cultural experiences, and certain meals for" an overseas trip for the MSC ELCO Boys Soccer Team to visit Germany and Austria from July 31, 2026, through August 9, 2026 (the "Trip"). *See* Exhibit B.

12.     Pursuant to the Agreement, Plaintiff made payments totaling $115,000.00 to Defendant as follows on the dates below:

   a.   December 17, 2025: $40,000.00;

   b.   February 17, 2026: $50,000.00; and

   c.   March 23, 2026: $25,000.00.

13.     By email dated April 6, 2026, representatives of Plaintiff were informed, for the first time, that Defendant GOPLAY was ceasing operations and "will no longer be able to accept payments or fulfill any future bookings." *See* Exhibit C.

14. On Thursday, April 9, 2026, Defendant Ainscough initiated a phone call to MSC's Executive Director, at which time Ainscough stated that despite the payments Plaintiff made to Defendant GOPLAY, he did not know whether any flights or hotel accommodations had been secured for Plaintiff. During this phone call, Defendant Ainscough offered to assist MSC's Executive Director in booking an alternate overseas soccer trip for the MSC ELCO Boys Soccer Team.

15. According to Paragraph 6 of the Agreement, entitled "Cancellations By GOPLAY LLC," "[i]f GoPlay LLC cancels a trip at any time for circumstances other than those deemed 'beyond the control' of GoPlay LLC, GoPlay LLC shall refund in full any payments received from Myerstown Soccer Club." *See* Exhibit B.

16. Based upon the clear contractual language of the Agreement, Plaintiff is entitled to a full, complete, and immediate refund of the money paid toward the Trip.

17. By email dated April 7, 2026, Plaintiff's counsel requested from Defendant documentation related to the Trip, including flight confirmations, hotel booking confirmation, transportation confirmation, and any and all other documentation regarding prepayments or deposits made to third parties on behalf of, or related to, the Trip. *See* Exhibit D.

18. Neither Plaintiff nor Plaintiff's counsel has received a response to Plaintiff's requests for documentation related to the Trip.

19. By letter dated April 21, 2026, Plaintiff's counsel sent a formal demand for return of the $115,000.00 payment to Defendant. *See* Exhibit E.

20. To date, the only response Plaintiff has received is from Ainscough's counsel denying Ainscough's involvement in financial matters for GOPLAY.

21. To date, neither MSC nor undersigned counsel have received a formal response to the demand letter from GOPLAY or Defendant Lyons.

**COUNT I**
**BREACH OF CONTRACT**

22. The foregoing paragraphs are realleged and incorporated herein by reference.

23. Defendant GOPLAY contracted with Plaintiff for the above-described travel services.

24. Plaintiff performed under the Agreement by providing Defendant GOPLAY with payments totaling $115,000.00.

25. Defendants GOPLAY, Lyons, and Ainscough breached the Agreement cancelling the Agreement and providing notice of GOPLAY'S intent not to provide the travel services described in the Agreement.

26. As a direct and proximate result of the Defendants' breach, Plaintiff has incurred damages in excess of $115,000.00.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be deemed just and appropriate.

**COUNT II**
**UNJUST ENRICHMENT**

27. The foregoing paragraphs are realleged and incorporated herein by reference.

28. By accepting payments from Plaintiff, without intending to deliver the travel services related to Plaintiff's Trip, Defendants have been unjustly enriched by the retention of the $115,000.00 paid by Plaintiff.

5

29. An injustice would result if recovery is not granted for the enrichment received by Defendants.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be deemed just and appropriate.

## COUNT III
## PROMISSORY ESTOPPEL

30. The foregoing paragraphs are realleged and incorporated herein by reference.

31. Defendant Lyons promised Plaintiff that if Plaintiff made payments to Defendant GOPLAY, that Defendants would perform certain travel services related to the Trip.

32. Defendants accepted payments from Plaintiff but later informed Plaintiff that it would not provide the travel services related to the Trip.

33. Plaintiff reasonably relied upon Defendants' promises, to Plaintiff's detriment, that Defendants would perform travel services for Plaintiff related to the Trip.

34. It was reasonably foreseeable to Defendants that Plaintiff would rely upon Defendants' representations regarding performance of travel services to Plaintiff's detriment given the undisclosed financial distress GOPLAY was experiencing.

35. Plaintiff relied upon Defendants' representations that travel services were forthcoming, to Plaintiff's detriment, and to the detriment of the fifty-four (54) people who paid to participate in the Trip through MSC, twenty-four (24) of whom are youth soccer players.

36. Plaintiff has suffered actual damages as a result of Defendants' misrepresentations.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be deemed just and appropriate.

**COUNT IV**
**FRAUD**

37. The foregoing paragraphs are realleged and incorporated herein by reference.

38. It is believed and therefore averred that at all times Defendants Lyons and Ainscough were the owners, members, managers, shareholders, officers, directors, employees, and/or agents of GOPLAY.

39. Defendants made representations and promises to book certain travel accommodations, including flights, hotels, transportation, meals, excursions, and soccer matches with local soccer teams, knowing that Defendants would be unable to, and/or never intended to, make the agreed upon travel arrangements, all the while accepting additional deposits from Plaintiff pursuant to the Agreement.

40. It is believed and therefore averred that the Defendants' representations and promises were fraudulent to the extent Defendants knew they would be unable to, and/or never intended to, make the agreed upon travel arrangements.

41. It is believed and therefore averred that Defendants' representations and promises were fraudulent to the extent Defendants knew that GOPLAY did not have the ability to issue a full refund due under the terms of the Agreement in the event of a cancellation of the Trip by GOPLAY.

42. Defendants made these representations and promises via email, phone calls, and a Zoom video conference on February 24, 2026, to representatives of Plaintiff, at Plaintiff's principal

7

place of business in Myerstown, Pennsylvania, at which time Defendants informed Plaintiff that travel arrangements for the Trip had been secured.

43. Upon information and belief, Defendants failed to secure any of the contracted for travel arrangements for the Trip.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be deemed just and appropriate.

## COUNT V
## NEGLIGENT AND/OR INTENTIONAL MISREPRESENTATION

44. The foregoing paragraphs are realleged and incorporated herein by reference.

45. From the beginning of MSC's conversations with Defendant Lyons, Defendant Lyons, individually, and on behalf of GOPLAY, made numerous representations to MSC that he knew were false, or were at least negligent as to the truth of the representations, regarding Defendants' ability to fulfill the terms of the Agreement.

46. The Defendants knew that Plaintiff intended to rely upon the representations and information obtained from the Defendants in booking the Trip.

47. Plaintiff had no reason to doubt the information that was provided to them by the Defendants, and therefore they justifiably relied upon the false representations and acted upon them, as intended by the Defendants.

48. The above-described actions of the Defendants have caused the Plaintiff to sustain damages, including the loss of all money paid for the Trip.

49. Plaintiff is now left without any trip for the fifty-four (54) people to attend, twenty-four (24) of whom are youth soccer players, who were planning to participate in a ten (10) day long soccer trip to Germany and Austria this summer.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be deemed just and appropriate.

## COUNT VI
## CONVERSION

50. The foregoing paragraphs are realleged and incorporated herein by reference.

51. Plaintiff provided Defendant GOPLAY with payments totaling $115,000.00.

52. Plaintiff contends that the $115,000.00 provided to Defendant GOPLAY should be returned because of Defendants' failure to deliver the travel services.

53. Plaintiff has demanded return of its $115,000.00. *See* Exhibit D.

54. As of the filing of this Complaint, Defendants have failed or refused to return the $115,000.00.

55. Defendants have provided notice to Plaintiff of its intent not to perform its obligations to Plaintiff and has therefore wrongfully retained the $115,000.00.

56. Defendant has wrongfully exercised control over the $115,000.00 and continues to do so.

57. Defendants' conduct is intentional, willful, and vexatious.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be deemed just and appropriate.

**COUNT VII**
**PIERCING THE CORPORATE VEIL**

58. The foregoing paragraphs are realleged and incorporated herein by reference.

59. Upon information and belief, Defendants undercapitalized GOPLAY such that GOPLAY could not afford to pay its liabilities as they came due, including sums owed to Plaintiff.

60. Upon information and belief, Defendants Lyons and Ainscough did not adhere to corporate formalities.

61. Upon information and belief, Defendants Lyons and Ainscough substantially intermingled their personal finances and business finances, transferring money from their businesses to their personal accounts in order to deliberately render GOPLAY insolvent, or at least unable to meet GOPLAY's financial obligations as such become due.

62. Upon information and belief, by transferring money in order to impoverish GOLAY, Defendants Lyons and Ainscough have improperly abused the corporate form in order to perpetuate a fraud against Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court disregard the corporate form of GOPLAY LLC, and allow Plaintiffs to pierce the corporate veil by entering judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be proper and permitted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Enter judgment against all Defendants, jointly and severally, and in favor of Plaintiff, in the minimum amount of $115,000, together with interest, costs, and fees as allowed by law;

2.      Retain jurisdiction over this matter until such time as all responsive actions have been taken and all costs, fees, and damages paid;

3.      Grant such other relief as the Court deems appropriate.

4.      Plaintiff demands a jury trial.

Respectfully submitted,

GIBBEL KRAYBILL & HESS LLP

Date: 5/7/2026                    By:    _____
                                         Justin J. Bollinger, Esquire
                                         Attorney I.D. No. 308779
                                         2933 Lititz Pike
                                         P.O. Box 5349
                                         Lancaster PA  17606
                                         (717) 291-1700 (p)
                                         (717) 291-5547 (f)
                                         *Attorney for Plaintiff*

11