# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MYERSTOWN SOCCER CLUB,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 1:26-cv-01238** |
| | : | |
| **GOPLAY LLC,** *et al.*, | : | **JUDGE JULIA K. MUNLEY** |
| | : | |
| **Defendants.** | : | **ELECTRONICALLY FILED** |

## DEFENDANT BRIAN AINSCOUGH'S MEMORANDUM OF LAW IN <u>SUPPORT OF MOTION TO DISMISS</u>

Daniel T. Brier
Richard L. Armezzani

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

dbrier@mbklaw.com
ramezzani@mbklaw.com

*Counsel for Defendant, Brian Ainscough*

**TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................................1

II.  FACTUAL BACKGROUND...................................................................................2

III.  ARGUMENT .........................................................................................................3

    A.  Myerstown Has Failed to Allege Facts Establishing Personal Jurisdiction Over Brian Ainscough.. .....................................................................................3

    B.  Myerstown's Contract and Quasi-Contract Claims Fail On Their Merits. 6

    C.  Myerstown's Tort Claims Are Barred by the Gist of the Action and Economic Loss Doctrines and Otherwise Fail on Their Merits. ...............10

        1.  Myerstown's Tort Claims Are Barred by the Gist of the Action and Economic Loss Doctrines.................................................................10

        2.  Myerstown's Tort Claims Fail on Their Merits.................................12

    D.  Myerstown Has Failed to Plead Facts Justifying Piercing GoPlay LLC's Corporate Veil. ..................................................................................14

IV.  CONCLUSION......................................................................................................16

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................2

*Atul K. Amin Family Ltd. P'ship v. Steward Easton Hosp., Inc.,* No. 5:20-cv-04161 2021 WL 4267820 (E.D. Pa. Sept. 20, 2021) .................................................8, 9

*Bortz v. Noon*, 729 A.2d 555 (Pa. 1999) ....................................................................13

*Carlson v. Arnot-Ogden Mem'l Hosp.*, 918 F.2d 411 (3d Cir. 1990).........................8

*Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018) ...........................................................12

*Downs v. Andrews*, 639 F. App'x 816 (3d Cir. 2016)................................................11

*Electron Energy Corp. v. Short*, 597 A.2d 175 (Pa. Super. 1991) ............................6

*Erie Ins. Exch. v. Abbott Furnace Co.*, 972 A.2d 1232 (Pa. Super. 2009)...............10

*eToll v. Elias/Savion Advert., Inc.*, 811 A.2d 10 (Pa. Super. 2002)..........................11

*Francis J. Bernhardt, III, P.C. v. Needleman*, 705 A.2d 875 (Pa. Super. 1997) 13, 14

*Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007) ...........................................12

*Government of Virgin Islands, Bureau of Internal Revenue v. Lansdale*, 172 F.Supp.2d 636 (D.C.V.I.2001) ...............................................................................5

*IMO Industries, Inc. v. Kiekert AG,* 155 F.3d 254 (3d Cir. 1998).............................5

*In re Opus E., L.L.C.*, 480 B.R. 561 (Bankr. D. Del. 2012) ......................................14

*Jones v. ABN Amro Mortg. Gr., Inc.*, 606 F.3d 119 (3d Cir. 2010) ..........................10

*Kump v. State Farm Fire & Cas. Co.*, No. 3:12-CV-72, 2012 WL 1123897 (M.D. Pa. Apr. 4, 2012) ......................................................................................................9

*Lumax Indus., Inc. v. Aultman*, 669 A.2d 893 (Pa. 1995) ........................................14

*M3 USA Corp. v. Hart*, 516 F. Supp. 3d 476 (E.D. Pa. 2021) ...................................4

*Madonna v. Francisco*, No. 13-807, 2014 WL 981568 (E.D. Pa. Mar. 13, 2014) ..15

*Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247 (Pa. 2016) ........................................................6

*Mitchell v. Moore*, 729 A.2d 1200 (Pa. Super. 1999)..................................................7

*O'Connor v. Sandy Lane Hotel Co., Ltd*. 496 F.3d 312, 317 (3d Cir. 2017) ............5

*Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co.*, 700 F. Supp. 2d 720, 737–38 (W.D. Pa. 2010) ........................................................................................15

*PrimePay, LLC v. Prime Tr., LLC*, 559 F. Supp. 3d 394 (E.D. Pa. 2021)..................5

*Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987) ......................................................................................................................4

*Riley v. Timmons Constr. LLC,* No. 2:21-cv-286, 2022 WL 597356 (W.D. Pa. Feb. 28, 2022) ...............................................................................................................12

*Sarsfield v. Citimortgage, Inc.*, 707 F. Supp. 2d 546 (M.D. Pa. 2010)..............10, 11

*Skold v. Galderma Laboratories, L.P.*, 99 F. Supp. 3d 585 (E.D. Pa. 2015) ............8

*Thomas v. TransCore, LP*, No. 21-CV-1040, 2024 WL 4820782 (M.D. Pa. Nov. 18, 2024) .....................................................................................................................8

*Tray, Inc. v. Devon Int'l Grp., Inc.*, No. 21-1254, 2021 WL 1734845 (E.D. Pa. May 3, 2021) ...............................................................................................................11

*Village at Camelback Prop. Owners Ass'n v. Carr*, 538 A.2d 528 (Pa. Super. Ct. 1988) ............................................................................................................... 14, 15

*W. Chester Univ. Found. v. MetLife Ins. Co. of Conn.*, 259 F. Supp. 3d 211 (E.D. Pa. 2017) ..............................................................................................................9

*Walden v. Fiore*, 571 U.S. 277 (2014)..................................................................5, 6

*Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250 (Pa. 2006) .................................7

## STATUTES

42 Pa. Cons. Stat. § 5322(b) ......................................................................................4

Mass. Gen. Laws ch. 156c § 22 .................................................................................7

**RULES**

Fed. R. Civ. P. 4(e) ....................................................................................................4

Fed. R. Civ P. 9(b)................................................................................................2, 12

Fed. R. Civ. P. 12(b)(2) .......................................................................................3, 15

**OTHER AUTHORITIES**

4A Wright & Miller, Federal Practice & Procedure § 1069, at 370–72 (1987).........5

iv

## I.    INTRODUCTION

This matter is a contractual dispute concerning a September 7, 2025 Agreement between Plaintiff Myerstown Soccer Club ("Myerstown") and Defendant GoPlay LLC ("GoPlay").    Myerstown seeks to recover $115,000 allegedly paid to GoPlay for travel services relating to a trip to Germany and Austria. Rather than confining its claims to simply GoPlay, however, Myerstown attempts to impose personal liability upon Brian Ainscough based entirely upon his *alleged* status as a manager of GoPlay.  That misdirected attempt should be rejected.

*First*, Myerstown has not alleged facts establishing personal jurisdiction over Mr. Ainscough individually.  Mr. Ainscough is not domiciled in Pennsylvania and the Complaint alleges only limited communications undertaken in his representative capacity on behalf of GoPlay after the parties had already entered into the September 7, 2025 Agreement.  Such allegations are insufficient to establish either general or specific personal jurisdiction.

*Second*, the Complaint also fails to state any viable claim against Mr. Ainscough.  The September 7, 2025 Agreement attached to the Complaint identifies GoPlay LLC—not Mr. Ainscough—as the contracting party.  Myerstown does not— and cannot—allege that Mr. Ainscough signed the September 7, 2025 Agreement in his individual capacity, personally guaranteed GoPlay's obligations, or made any

1

representations regarding its obligations.  Myerstown's contract and quasi-contract claims at Counts I to III should be dismissed on this basis.

*Third*, the Complaint fares no better with respect to Myerstown's tort claims. Myerstown attempts to recast an ordinary breach of contract dispute as claims for fraud, negligent/intentional misrepresentation, and conversion.  At the outset, those claims are barred by the gist of the action and economic loss doctrines.  But even on the merits, these claims fail under the heightened pleading requirements of Rule 9(b) and the law of each individual claim.

Accordingly, the Complaint should be dismissed in its entirety, with prejudice, as to Defendant Brian Ainscough.

## II.   FACTUAL BACKGROUND[1]

Plaintiff Myerstown Soccer Club entered into a written Agreement with GoPlay LLC on or about September 7, 2025 ("September 7, 2025 Agreement"), under which GoPlay agreed to "arrang[e] all air and ground transportation, lodging, cultural experiences, and certain meals for" an overseas trip to Germany and Austria. Compl. ¶ 11.  The September 7, 2025 Agreement identifies GoPlay LLC—not Mr. Ainscough—as the contracting party.  *See* Compl., Ex. B ("AGREEMENT BETWEEN MYERSTOWN SOCCER CLUB & GOPLAY LLC").  The September

---

[1]   As required, the well-pled factual allegations in the Complaint are accepted as true for purposes of this motion only. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

7, 2025 Agreement further provides that payments for the travel services were to be made directly to GoPlay LLC.  *Id.* at ¶ 3.

Myerstown alleges that it subsequently paid GoPlay approximately $115,000, consisting of payments of $40,000 on December 17, 2025, $50,000 on February 17, 2026, and $25,000 on March 23, 2026.  *Id.* ¶ 12. Myerstown further alleges that, on April 6, 2026, it was informed that GoPlay was ceasing operations and would no longer be able to fulfill future bookings.  *Id.* ¶ 13.  Myerstown contends that GoPlay failed to provide travel services and that it is entitled to a full refund of all payments.  *Id.* ¶¶ 15-16.

As to Mr. Ainscough, the Complaint contains no allegation that he entered into the September 7, 2025 Agreement, guaranteed GoPlay's obligations, received Myerstown's payments, or agreed to provide the travel services described in the September 7, 2025 Agreement.  Myerstown nevertheless asserts claims against Mr. Ainscough for breach of contract, unjust enrichment, promissory estoppel, fraud, negligent/intentional misrepresentation, conversion, and piercing the corporate veil. Compl. ¶¶ 22-72.

## III.   ARGUMENT

### A.    Myerstown Has Failed to Allege Facts Establishing Personal Jurisdiction Over Brian Ainscough.

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of a complaint for lack of personal jurisdiction.  At the pleading stage, "the plaintiff bears the burden

of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Under Federal Rule of Civil Procedure 4(e), this Court may exercise personal jurisdiction over an individual defendant to the extent authorized by Pennsylvania law. Pennsylvania's long-arm statute extends jurisdiction over nonresidents "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b). The inquiry is thus whether exercising jurisdiction over Mr. Ainscough comports with due process. It does not. And neither general nor specific jurisdiction exists here.

General jurisdiction over an individual exists only where that individual is domiciled. *See M3 USA Corp. v. Hart*, 516 F. Supp. 3d 476, 490 (E.D. Pa. 2021) ("As an individual, [Ms. Hart] is subject to general personal jurisdiction only where [s]he is domiciled.") (internal citations omitted). Here, the Complaint affirmatively alleges that Mr. Ainscough is a Massachusetts resident. Compl. ¶ 6. It does not allege that he maintains an office in Pennsylvania or that he consented to suit in this forum. Accordingly, the Complaint does not establish general jurisdiction over Mr. Ainscough.

Nor does the Complaint establish specific personal jurisdiction over Mr. Ainscough. Specific jurisdiction requires that "the plaintiff show: (1) that the defendant 'purposefully directed its activities at the forum,' (2) that the litigation

4

arises out of or relates to at least one of those activities, and (3) that the exercise of jurisdiction 'otherwise comports with fair play and substantial justice.'" *PrimePay, LLC v. Prime Tr., LLC*, 559 F. Supp. 3d 394, 398 (E.D. Pa. 2021) (citing *O'Connor v. Sandy Lane Hotel Co., Ltd*. 496 F.3d 312, 317 (3d Cir. 2017)).  The defendant's contacts must result from his own conduct, not the activity of another party.  *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

The Complaint does not allege facts establishing such purposeful contacts by Mr. Ainscough individually.  Instead, it alleges that he participated in a single telephone call with Myerstown concerning GoPlay's performance of the September 7, 2025 Agreement. Compl. ¶ 14.  That allegation in itself is insufficient to establish specific jurisdiction. *See IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 n.3 (3d Cir. 1998) ("The weight of authority among the courts of appeal is that minimal communication between the defendant and the plaintiff in the forum state, without more, will not subject the defendant to the jurisdiction of that state's court system.") (collecting cases).  And the mere allegation that Mr. Ainscough served as a manager of GoPlay, which the facts will not support, cannot create jurisdiction over him.  *See Government of Virgin Islands, Bureau of Internal Revenue v. Lansdale*, 172 F.Supp.2d 636, 645 (D.C.V.I.2001) ("Jurisdiction over an individual cannot be based solely on jurisdiction over his or her corporation.") (citing 4A Wright & Miller, Federal Practice & Procedure § 1069, at 370–72 (1987)).  Jurisdiction must be based

5

on contacts that Mr. Ainscough himself created with Pennsylvania. *Walden*, 571 U.S. at 284 (explaining that the defendant's contacts with the forum must arise from "contacts that the defendant himself creates with the forum State") (internal citations omitted).

*    *    *

Accordingly, because Myerstown has not established a prima facie basis for either general or specific jurisdiction, all claims against Mr. Ainscough should be dismissed pursuant to Rule 12(b)(2).

**B.    Myerstown's Contract and Quasi-Contract Claims Fail On Their Merits.**

Counts I through III should be dismissed because Myerstown's claims arise an agreement to which Mr. Ainscough was not a party.

Count I—Breach of Contract. Under Pennsylvania law, a breach of contract claim requires the existence of a contract, a breach of a duty imposed by that contract, and resulting damages. *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Because Mr. Ainscough was not a party to the September 7, 2025 Agreement, he cannot be liable for its alleged breach. *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. 1991) ("It is fundamental contract law that one cannot be liable for breach of contract unless one is a party to that contract."). Nor does Mr. Ainscough's alleged status as a manager or agent of GoPlay LLC, without more,

render him personally liable for the company's contractual obligations. *See* Mass. Gen. Laws ch. 156C § 22 (providing that the debts, obligations, and liabilities of an LLC are solely those of the LLC and that a member or manager is not personally liable for such obligations solely by reason of being a member or acting as a manager). Count I fails as a matter of law.

Count II—Unjust Enrichment. Myerstown likewise cannot use unjust enrichment to impose upon Mr. Ainscough obligations arising from the September 7, 2025 Agreement. To establish unjust enrichment, a plaintiff must plead: "(1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Mitchell v. Moore*, 729 A.2d 1200, 1203-04 (Pa. Super. 1999). But "[t]he doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract." *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006).

Here, the Complaint does not allege that Mr. Ainscough personally received or retained any benefit from Myerstown. Instead, per the September 7, 2025 Agreement all payments were made to GoPlay. *See* Compl., Ex. B at ¶ 3 ("All Myerstown Soccer Club for travel services payment hereunder shall be made directly to GoPlay LLC."). Because Myerstown has not alleged that Mr. Ainscough

personally received or inequitably retained a benefit, its unjust enrichment claim cannot stand. Moreover, because Myerstown expressly invokes the provisions of the September 7, 2025 Agreement, it cannot rely on an equitable theory to circumvent the Agreement and impose personal liability upon a nonparty. *See Skold v. Galderma Laboratories, L.P.*, 99 F. Supp. 3d 585, 599 (E.D. Pa. 2015) (dismissing unjust enrichment claim because plaintiff does not dispute the validity of a written agreement); *Thomas v. TransCore, LP*, No. 21-CV-1040, 2024 WL 4820782, at *3 (M.D. Pa. Nov. 18, 2024)[2] (dismissing unjust enrichment claim where "the plaintiff does not dispute the prerequisite existence of the contract itself."). Count II should be dismissed.

Count III—Promissory Estoppel. Myerstown's promissory estoppel claim suffers from the same defects. Pennsylvania courts have recognized that promissory estoppel is unavailable where an express contract governs the subject matter of the dispute. *See Carlson v. Arnot-Ogden Mem'l Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990) ("In light of our finding that the parties formed an enforceable contract, relief under a promissory estoppel claim is unwarranted."). Courts applying Pennsylvania law have accordingly dismissed promissory estoppel claims at the Rule 12(b)(6) stage where an express contract governs the alleged promise. *See Atul K. Amin Family*

---

[2] The unpublished decisions cited herein are reproduced in the attached Appendix pursuant to Local Rule 7.8(a).

*Ltd. P'ship v. Steward Easton Hosp., Inc.*, No. 5:20-cv-04161, 2021 WL 2012509, at \*5 (E.D. Pa. Sept. 20, 2021) (dismissing promissory estoppel claim because an integrated agreement governed the parties' relationship); *Kump v. State Farm Fire & Cas. Co.*, No. 3:12-CV-72, 2012 WL 1123897, at \*3 (M.D. Pa. Apr. 4, 2012) (dismissing promissory estoppel claim where an enforceable contract existed); *W. Chester Univ. Found. v. MetLife Ins. Co. of Conn.*, 259 F. Supp. 3d 211, 223 (E.D. Pa. 2017) (dismissing promissory estoppel claim because valid contracts governed the parties' relationship).

Here, the Complaint alleges that GoPlay entered into the September 7, 2025 Agreement and seeks damages based upon its alleged failure to perform.  Myerstown cannot recast those contractual promises as an independent promissory estoppel claim against Mr. Ainscough.  Further, the Complaint does not allege any promise personally made by Mr. Ainscough to induce Myerstown to enter into the September 7, 2025 Agreement or remit payment.  *See generally* Compl. ¶¶ 31-36.  Because the alleged promises are governed by the September 7, 2025 Agreement and no separate promise or reliance by Myerstown is attributable to Mr. Ainscough, Count III should be dismissed.

*    *    *

9

Myerstown has not alleged any independent contractual undertaking, personal receipt of benefits, or separate promise by Mr. Ainscough sufficient to impose individual liability and Counts I through III should therefore be dismissed.

### C. Myerstown's Tort Claims Are Barred by the Gist of the Action and Economic Loss Doctrines and Otherwise Fail on Their Merits.

Myerstown's claims at Counts IV through VI merely recast its contractual claims as torts. These claims are barred by the gist of the action and economic loss doctrines and independently fail on their merits.

### 1. Myerstown's Tort Claims Are Barred by the Gist of the Action and Economic Loss Doctrines.

The "gist of the action" doctrine "precludes plaintiffs from recasting ordinary breach of contract claims into tort claims." *Jones v. ABN Amro Mortg. Gr., Inc.*, 606 F.3d 119, 123 (3d Cir. 2010) (quoting *Erie Ins. Exch. v. Abbott Furnace Co.*, 972 A.2d 1232, 1238 (Pa. Super. 2009)). "Tort actions lie for breaches of duties imposed by law as a matter of social policy, whereas contract actions lie only for breaches of duties imposed by consensual agreement between particular individuals." *Sarsfield v. Citimortgage, Inc.*, 707 F. Supp. 2d 546, 553 (M.D. Pa. 2010).

The gist of the action doctrine "precludes recovery in tort:" (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability

10

stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim. *Id.* (citing *eToll v. Elias/Savion Advert., Inc.*, 811 A.2d 10, 19 (Pa. Super. 2002) (internal citations omitted)).

Myerstown's tort claims—fraud, misrepresentations and conversion—fail under this doctrine. The Complaint does not allege an independent duty owed by Mr. Ainscough or any pre-contract misrepresentation that induced Myerstown to enter the September 7, 2025 Agreement. Instead, the Complaint contains only a single post-contract communication by Mr. Ainscough regarding GoPlay's performance. Such an allegation does not transform a contractual dispute into an independent tort. *See Tray, Inc. v. Devon Int'l Grp., Inc.*, No. 21-1254, 2021 WL 1734845, at *8-9 (E.D. Pa. May 3, 2021) (dismissing fraud, negligent misrepresentation, and conversion claims under the gist of the action doctrine where the plaintiff's alleged losses arose from defendants' failure to deliver products as required by contract); *Downs v. Andrews*, 639 F. App'x 816, 819-20 (3d Cir. 2016) (affirming dismissal of fraud claim where the "crux" of the action was defendants' failure to fulfill contractual promises).

The economic loss doctrine also bars recovery. Under Pennsylvania law, the doctrine bars tort claims seeking recovery for purely economic losses absent the breach of a duty imposed by law independent of any contractual undertaking. *See*

11

*Dittman v. UPMC*, 196 A.3d 1036, 1048 (Pa. 2018). Courts have applied the doctrine at the pleading stage where tort claims merely seek economic losses arising from contractual nonperformance. *See, e.g., Riley v. Timmons Constr. LLC*, No. 2:21-cv-286, 2022 WL 597356, at **5-6 (W.D. Pa. Feb. 28, 2022) (dismissing conversion claim under economic loss doctrines where the plaintiff sought only economic damages). Myerstown does not claim physical injury or property damage; its alleged losses consist entirely of payments under the September 7, 2025 Agreement. Accordingly, Counts IV through VI are barred by the gist of the action and economic loss doctrines.

### 2.    Myerstown's Tort Claims Fail on Their Merits.

Count IV—Fraud. Rule 9(b) requires that "[i]n alleging fraud. . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Third Circuit requires that "the plaintiff must plead or allege the date, time and place of the alleged fraud." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). The Complaint fails this test. Myerstown does not identify with specificity any false statement by Mr. Ainscough, when or where he made it, why it was false, facts showing that he knew it was false, or facts supporting fraudulent intent. *See generally* Compl. ¶¶ 38-43. Instead, Myerstown relies upon conclusory statements within the Complaint that refer repeatedly to "Defendants" collectively.

12

Such generalized allegations made "upon information and belief" do not satisfy Rule 9(b) absent facts establishing their basis.  Count IV should therefore be dismissed.

Count V—Intentional/Negligent Misrepresentation.[3]   Negligent misrepresentation requires: "(1) a misrepresentation of a material fact; (2) made under circumstances in which the speaker ought to have known its falsity; (3) with intent to induce another to act; (4) justifiable reliance; and (5) resulting injury." *Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999).  Again, the Complaint does not identify any specific material misrepresentation made by Mr. Ainscough before Myerstown entered the September 7, 2025 Agreement or transmitted funds.  Because Myerstown cannot establish a representation by Mr. Ainscough relied upon by Myerstown in entering the transaction, Count V should therefore be dismissed.

Count VI—Conversion.  Finally, Myerstown's claim that Mr. Ainscough somehow unlawfully converted money cannot stand.  While money can be a "chattel" within the ambit of a conversion claim, the plaintiff must identify specific money or a segregated fund to which it had an immediate right of possession.  Money allegedly owed under a contract does not support conversion.  *Francis J. Bernhardt,*

---

[3]  "The elements of negligent misrepresentation differ from intentional misrepresentation in that the misrepresentation must concern a material fact and the speaker need not know his or her words are untrue, but must have failed to make a reasonable investigation of the truth of these words." *Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999).

13

*III, P.C. v. Needleman*, 705 A.2d 875, 878 (Pa. Super. 1997). Myerstown seeks recovery of payments made to GoPlay pursuant to the September 7, 2025 Agreement. It does not allege that Mr. Ainscough personally possessed its money, exercised dominion over a specifically identifiable fund, or interfered with an independent property interest. Any obligation to return the funds therefore arises, if at all, from the contractual relationship. Count VI should accordingly be dismissed.

    **D.    Myerstown Has Failed to Plead Facts Justifying Piercing GoPlay LLC's Corporate Veil.**

Myerstown seeks to impose personal liability on Mr. Ainscough by disregarding GoPlay LLC's separate legal existence. At the outset, Myerstown does not—and cannot—allege that Mr. Ainscough was a member of GoPlay, LLC. S*ee In re Opus E., L.L.C.*, 480 B.R. 561, 570 (Bankr. D. Del. 2012) ("Because Opus Corp. does not have any controlling interest in the Debtor, the Court finds that the Trustee has failed to state a cause of action to pierce the corporate veil between the Debtor and Opus Corp.").

But even on the merits, Myerstown cannot support its request for corporate veil piercing. Pennsylvania law strongly presumes that an LLC is a legal entity distinct from its owners, and veil piercing is reserved for exceptional circumstances. *See Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995) (recognizing the strong presumption against disregarding a corporate entity and describing veil piercing as an extraordinary remedy); *Village at Camelback Prop. Owners Ass'n v.*

*Carr*, 538 A.2d 528, 533 (Pa. Super. Ct. 1988) (identifying factors relevant to determining whether the corporate form should be disregarded). Relevant considerations include undercapitalization, failure to observe organizational formalities, commingling of corporate and personal affairs, diversion of corporate assets, and use of the entity to perpetrate fraud or injustice. *Village at Camelback*, 538 A.2d at 533.

Myerstown pleads none of these circumstances. It merely alleges, "[u]pon information and belief," that GoPlay was the "alter ego" of its principals and that its separate existence should be disregarded. Courts applying Pennsylvania law have dismissed veil piercing theories at the pleading stage where the complaint fails to allege facts supporting the relevant factors. *See Madonna v. Francisco*, No. 13-807, 2014 WL 981568, at *5 (E.D. Pa. Mar. 13, 2014) (dismissing veil-piercing claim where "[v]irtually all" of the allegations that relate to piercing the corporate veil are pleaded "on information and belief" and "are merely conclusory recitations of the factors that courts consider in determining whether a corporate veil should be pierced"); *Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co.*, 700 F. Supp. 2d 720, 737–38 (W.D. Pa. 2010) (dismissing veil-piercing and alter ego claims under Rule 12(b)(6) where the pleading merely recited the elements necessary to pierce the corporate veil and lacked factual allegations supporting individual liability). The

15

Court should follow suit here.  The Complaint does not contain facts sufficient to overcome the strong presumption against veil piercing.

Accordingly, Myerstown's veil piercing theory should therefore be dismissed.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendant Brian Ainscough respectfully requests that this Court dismiss the Complaint against him in its entirety.

Date: August 10, 2026

Respectfully submitted,

/s/ Richard L. Armezzani
Daniel T. Brier
Richard L. Armezzani
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
ramezzani@mbklaw.com

*Counsel for Defendant, Brian Ainscough*

## <u>CERTIFICATE OF WORD COUNT</u>

I hereby certify that the foregoing Memorandum of Law in Support of Motion

To Dismiss is in compliance with Local Rule 7.08(b). This brief contains 3444 words

as computed with Microsoft Word.


Date: August 10, 2026                    /s/ Richard L. Armezzani
                                         Richard L. Armezzani

## **CERTIFICATE OF SERVICE**

I, Richard L. Armezzani, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion To Dismiss was filed electronically and has been served upon all counsel of record via the Court's CM/ECF system on this 10th day of August 2026.

/s/ Richard L. Armezzani
Richard L. Armezzani